USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1393 JOSE F. RODRIGUEZ, ET AL., Plaintiffs, Appellees, v. PRUDENTIAL-BACHE SECURITIES, INC., Defendant, Appellee. ____________________ ANA M. MORALES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Lynch, Circuit Judge, _____________ and Gierbolini,* Senior District Judge. _____________________ _____________________ Jos Luis Gonz lez-Casta er was on brief for appellant. ___________________________ Carlos A. Bobonis-Gonz lez, with whom Bobonis, Bobonis & ___________________________ ___________________ Rodr guez Poventud was on brief for appellee. __________________ ____________________ February 26, 1998 ____________________  ____________________ * Of the District of Puerto Rico, sitting by designation. Per Curiam. Plaintiff Ana M. Morales ("Morales") Per Curiam. ___________ appeals the district court's grant of defendant Prudential-Bache Securities, Inc.'s ("Prudential's") cross-motion for summary judgment in this wrongful termination dispute. We affirm. On December 28, 1990, Morales, her husband, Jos F. Rodr guez ("Rodr guez"), and their conjugal partnership filed a complaint in the District Court of Puerto Rico against Rodr guez' former employer, Prudential, seeking redress in connection with the brokerage firm's February 1990 closing of its Puerto Rico subsidiary and its termination of Rodr guez' employment. The plaintiffs asserted seven causes of action arising out of Prudential's alleged wrongful termination of its contractual relationship with Rodr guez. Six of the seven causes of action were brought on behalf of Rodr guez and the conjugal partnership. The remaining cause of action sought compensation on Morales' behalf for damages she suffered as a result of the direct injury to her husband by Prudential. The district court ordered the parties to proceed with arbitration of all claims pertaining to Rodr guez before an arbitration panel of the New York Stock Exchange ("NYSE"). The district court stayed the claims of Morales and the conjugal partnership pending the outcome of the arbitration. Rodr guez and the conjugal partnership arbitrated their claims before the NYSE, and the arbitration panel awarded him $1,014,250 plus costs and attorney's fees in full and final settlement of all claims. Thereafter, Prudential's petitioned the district court to vacate -2- the award, but the court entered judgment for Rodr guez and the other claimants. See Rodr guez v. Prudential-Bache Sec., Inc., ___ _________ ____________________________ 882 F. Supp. 1202 (D.P.R. 1995). On appeal, this court affirmed the district court's judgment. See Rodr guez v. Prudential-Bache ___ _________ ________________ Sec., Inc., 72 F.3d 234 (1st Cir. 1995). Prudential then paid __________ Rodr guez his arbitration award. In her subsequent motion for partial summary judgment, Morales argued that since the arbitrators rendered an award in favor of Rodr guez, and since her claims were based on his wrongful termination, the arbitration panel adjudicated all the facts necessary to find Prudential liable to Morales on her claims. Thus, according to appellant, the only issue remaining was the extent of damages and the corresponding compensation. The district court dismissed Morales' complaint and granted Prudential's cross motion for summary judgment. Morales appeals. We find the district court's well-reasoned opinion persuasive, and we affirm on the grounds stated therein. See ___ Rodr guez v. Prudential-Bache Sec., Inc., No. 90-2659 (D.P.R. _________ ____________________________ January 23, 1997). We write only to emphasize that Morales' claims arose directly from Prudential's termination of Rodr guez' employment in violation of Law 80, P.R. Laws Ann. tit. 29,  185a, et seq., which provides an exclusive remedy for an employee ______ _________ who has been discharged without just cause. As the district court noted, "[h]er claims are directly derived, and inextricably intertwined with the employment dispute between Prudential and her husband, Jos Rodr guez." Consequently, her attempts to -3- assert an independent cause of action for damages under Puerto Rico's general tort statute, Art. 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, 5141, are unavailing. Morales might have had a viable cause of action if she alleged tortious acts by Prudential independent of her husband's dismissal. In Pujol v. Shearson/American Express, Inc., 829 F.2d _____ _______________________________ 1201 (1st Cir. 1987), a husband and wife, individually and as representatives of their conjugal partnership, appealed a district court's denial of their motion for partial summary judgment against an employer. This court held that an arbitration award under the husband's employment contract stood as res judicata with respect to the husband and conjugal partnership's claims, which were already arbitrated or could have been raised at the arbitration proceeding. See id. at 1206-08. ___ __ However, the Pujol court allowed the wife "to sue for _____ direct injury to her property and herself." 829 F.2d at 1209. This court observed that "[i]f [the wife] can prove that personal papers, documents and property belonging to her, as distinct from ________________ her husband or the conjugal partnership, were subjected to the _________________________________________ treatment alleged, then she has stated a cause of action." Id. __ at 1208 (emphasis added). In the instant case, any injury alleged by Morales resulted from Prudential's conduct toward her husband rather than from any acts committed directly against her. Ultimately, Morales has failed to assert any independent factual basis for recovery distinct from her husband or the conjugal partnership. -4- Costs to be assessed against appellant. Affirmed.  Affirmed ________ -5-